**Opinion issued February 20, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-01006-CR

————————————

**HERBER BAL APARICIO-CABRERA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Case No. 1315370**

---

## MEMORANDUM OPINION

Appellant, Herber Bal Aparicio-Cabrera, appeals from his conviction for theft. *See* TEX. PENAL CODE ANN. § 31.03 (West Supp. 2013). Appellant entered an open plea of guilty to the charged offense. The trial court sentenced appellant

to nine years' confinement and certified appellant's right to appeal. Appellant filed a timely notice of appeal.

Appellant's court-appointed appellate counsel has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and therefore the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812−13 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has also informed us that he delivered a copy of the brief to appellant and informed him of his right to examine the appellate record and to file a response. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008).

In his pro se response, appellant asserts his inability to understand English and complains of his counsel's representation. We have reviewed each of appellant's complaints and find that they are without support in the record. As to appellant's assertion regardings his inability to understand English, the record

2

shows that appellant signed written admonishments in conjunction with his guilty plea acknowledging that appellant reads and writes/understands English, that he understood the admonishments of the trial court, that he understood the consequences of his plea, and that he freely, knowingly, and voluntarily executed his statement. *See Sinay v. State*, No. 14-97-01420-CR, 1999 WL 771084, at \*1 (Tex. App.—Houston [14th Dist.] Sept. 30, 1999, no pet.) (not designated for publication) (acknowledgement that appellant reads and writes English undermines appellant's claim). Appellant also stated in open court that he spoke English.[1] We conclude that the record contains ample evidence that appellant understands English. The record contains no evidence that he does not.

Accordingly, after an independent reviewed the entire record in this appeal, and we conclude that (1) no reversible error exists in the record, (2) there are no arguable grounds for review, and (3) therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826−27 (Tex. Crim. App. 2005) (same);

---

[1] We note that the documents filed in this Court by appellant are handwritten in English. *See Luna v. State*, No. 05-98-01615-CR, 1999 WL 732951, at \*1 n.1 (Tex. App.—Dallas Sept. 21, 1999, no pet.) (not designated for publication).

3

*Mitchell*, 193 S.W.3d at 155 (same). Appellant may challenge our holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[2] Attorney David L. Garza must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[2] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

4